UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CON-WAY FREIGHT, INC.,

           Plaintiff,

-vs-                                                          Case No.  2:09-cv-740-FtM-29SPC

NAPLES PACKAGING and SHIPPING, LLC, a
Florida limited liability company,

           Defendant.
_____

## ORDER

This matter comes before the Court on Answer to Writ of Garnishment and Demand for Garnishment Deposit (Doc. #19) filed on May 7, 2010.  The Motion was referred to the undersigned on March 21, 2011.  A final judgment was entered in Plaintiff's favor on March 19, 2010 in the amount of $32,595.25.  On April 20, 2010, this Court granted Plaintiff Con-Way Freight's Motion for a Writ of Garnishment and directed the Clerk of Court to issue the Writ of Garnishment upon the Garnishee Fifth Third Bank, 999 Vanderbilt Road, Naples, Florida, 34108 (Doc. #17), as it was represented that Defendant had a bank account with the Garnishee.  A Writ of Garnishment was issued by the Clerk to Fifth Third Bank as to Defendant Naples Packaging and Shipping, LLC on April 20, 2010 (Doc. #18).  On May 7, 2010, Fifth Third Bank through counsel Michael K. Wilson of the law firm Broad and Cassel answered the Writ of Garnishment, asserting that Fifth Third Bank was not and is not in possession or control of any deposits, accounts, or personal property belonging to the Defendant Naples Packaging.  In its Answer, Garnishee Fifth Third Bank's counsel moved the Court to direct the Clerk to issue to Broad and Cassel $100.00 in attorney's fees expended to respond

to the Writ, made payable to Broad and Cassel, along with costs and expenses. No response was filed by Plaintiff Con-Way Freights, Inc., nor by Defendant Naples Packaging.

Fla. Stat. § 77.28 specifies that a party seeking a writ of garnishment shall deposit $100.00 into the registry of the Court before issuance of the writ so that such monies may be paid to the garnishee for the payment or part payment of the garnishee's attorney's fees. The Middle District does not require the $100.00 fee deposit and as such no deposit was collected by the Court in this case.

The Garnishee further demands the Court to determine a reasonable fee to cover the Garnishee's attorney's costs and expenses in addition to a reasonable attorney's fee in the amount of $100.00. However, the Garnishee fails to provide a detailed accounting of the costs and expenses. Thus, the Court can make no determination regarding costs and expenses at this time. Garnishee's request that the Court direct the Clerk to issue $100.00 in attorney's fees pursuant to Fla. Stat. § 77.28 is also due to be denied as no such deposit was made with this Court. This amount is taxable against Plaintiff Con-Way Freight as Con-Way is the Party seeking a writ of garnishment pursuant to Fla. Stat. § 77.28. Therefore, Garnishee may seek reimbursement of this amount from Plaintiff.

Accordingly, it is now

**ORDERED:**

Answer to Writ of Garnishment and Demand for Garnishment Deposit (Doc. #19) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of March, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record